IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE MOORE, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center (incorrectly named as "University Hospitals" in the Complaint) ("UHCMC"), by and through its undersigned attorneys, and in accordance with 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446, hereby removes the action brought by Pro Se Plaintiff Ronnie Moore in the Cuyahoga County Court of Common Pleas styled *Ronnie Moore v. University Hospitals*, Case No. CV-10-744252 (the "State Action") to the United States District Court for the Northern District of Ohio. In support of its Notice of Removal, UHCMC states as follows:

1.      On or about December 20, 2010, Plaintiff filed the State Action in the Cuyahoga County Court of Common Pleas. Defendant was served with the Summons and Complaint on February 14, 2011. A true and accurate copy of the Summons, Complaint and Certified Mailing are attached as Exhibit A. 28 U.S.C. § 1446(a).

2. Plaintiff appears *pro se* and filed a Complaint that appears to assert claims for damages under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Administrative Procedures Act, 5 U.S.C. §§ 551-559; the First Amendment to the United States Constitution, U.S. CONST. amend. I; and unspecified "Privacy Laws."

### The Process, Pleadings and Order Served Upon Defendants

3. Defendant was notified of this lawsuit when it was served via certified mail with a copy of the Summons and Complaint on February 14, 2011.

### Removal is Timely

4. Pursuant to 28 U.S.C. § 1446(b), Defendant now timely files this Notice of Removal. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because fewer than thirty days have elapsed since Defendant was served with a copy of Plaintiff's Complaint.

### Foundation for Jurisdiction – Federal Question

5. The basis for this Court's jurisdiction is federal question under 28 U.S.C. §1331, which provides that the district courts shall have original jurisdiction without regard to amount in controversy of all civil actions arising under the Constitution, laws, or treaties of the United States. With respect to the Court's federal question jurisdiction, this action is one over which the district courts of the United States have original jurisdiction by reason of the fact that the Plaintiff asserts claims under Title VII and the Administrative Procedures Act that arise under the laws of the United States, as well as constitutional claims under the First Amendment. Therefore, under 28 U.S.C. §§1331 and 1441(a) and (b), this lawsuit may be removed to this Court. With respect to any remaining state claims Plaintiff potentially asserts in his Complaint, though none are apparent on the face of the Complaint, those claims are all related to the federal

2

claims properly before this Court as they involve the same actors and arise out of a common nucleus of operative facts. Therefore, this Court may exercise supplemental jurisdiction over those claims so that all claims between these parties may be heard in one forum.

### Venue is Proper

6. The United States District Court for the Northern District of Ohio is the district embracing the place where this action is pending and where the events alleged in the Complaint occurred. Therefore, the civil action described above may be removed to this Court pursuant to 28 U.S.C § 1441(a).

### Notice Given

7. Defendant has filed a true and correct copy of this Notice of Removal with the Clerk of Courts for the Cuyahoga County Court of Common Pleas, Ohio with the Notice of Filing Notice of Removal filed therein and served upon Plaintiff Moore in his pro se capacity. 28 U.S.C. § 1446(d). A true and accurate copy of Defendant's Notice of Filing Notice of Removal filed with the Cuyahoga County Court of Common Pleas is attached as Exhibit B.

8. By filing this Notice of Removal, Defendant does not waive any defenses that may be available.

9. Defendant requests that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of further proceedings in the state court, in accordance with the law.

WHEREFORE, Defendant files this Notice of Removal so that the entire State Action, Case No. CV-10-744252, which is now pending in Cuyahoga County Court of Common Pleas, Ohio shall be removed to this Court for all further proceedings.

Dated: March 11, 2011

        Respectfully Submitted,

        /s/ Ellen Toth
        Barton A. Bixenstine (#0034130)
        Ellen Toth (#0056176)
        LerVal Elva (#0085441)
        Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
        127 Public Square
        4130 Key Tower
        Cleveland, OH 44114
        Ph: 216.241.6100
        Fax: 216.357.4733
        Email: bart.bixenstine@ogletreedeakins.com
                ellen.toth@ogletreedeakins.com
                lerval.elva@ogletreedeakins.com

*Attorneys for Defendant University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 11th day of March, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. This *Notice of Removal* was also sent via regular U.S. mail, post pre-paid to:

Ronnie Moore
c/o 18605 Harlan Drive
Maple Heights, OH 44137

*Pro Se Plaintiff*

/s/ Ellen Toth
Ellen Toth (#0056176)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.

*One of the Attorneys for Defendant University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center*

9946645.1 (OGLETREE)