IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONNIE MOORE, | ) CASE NO. 1:11-cv-00508 |
| Plaintiff, | ) JUDGE JAMES S. GWIN |
| v. | ) |
| UNIVERSITY HOSPITALS, | ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER D/B/A UNIVERSITY HOSPITALS CASE MEDICAL CENTER TO PLAINTIFF'S COMPLAINT**

Defendant University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center (incorrectly named as "University Hospitals" in the Complaint) ("UHCMC"), by and through counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:[1]

1. I, **Ronnie Moore, "PLAINTIFF",** hereby give notice to this Honorable Court for a CIVIL COMPLAINT towards UNIVERSITY HOSPITALS of CLEVELAND regarding a Wrongful Termination of Employment on December 31st, 2008. This compliant [sic] is based on Gender Discrimination resulting in Employment Termination lacking Just Cause and Conspiracy as evidenced in documents that was [sic] shown and proven to Human Resources as

---

[1] On March 18, 2011, UHCMC timely filed a Partial Motion to Dismiss with respect to certain claims asserted in Plaintiff's Complaint. By filing this Answer, UHCMC does not waive any arguments set forth in its Partial Motion to Dismiss with respect to those claims. UHCMC is filing this Answer with respect to those claims it has moved to dismiss solely to comply with the Court's Standing Order.

1

initiated with [the] Civil Rights Commission (EEOC) secondary to hiring Attorneys' [sic] Avery S. Friedman and Dennis J. Niermann and David Malik (emphasis in original).

**ANSWER:** UHCMC admits that UHCMC terminated Plaintiff employment on or about December 31, 2008, that he participated in an internal appeal process and that his appeal was denied. UHCMC denies the remaining allegations contained in paragraph 1 of the Complaint

2. I, **Ronnie Moore, "PLAINTIFF"** asseverate that the future filings in this Complaint and Tort are a result of Plaintiff's First Amendment Constitutional Violations inclusive of 'right of petition' and redress of grievances submitted and dishonored by named Defendant in this matter. Further, I depose and say the same as affirmed in previous Affidavit's provided by named Plaintiff in this matter to named Defendants [sic] during Resolution Steps within Human Resources. This Civil Complaint for Suit and Tort is pursuant under Title VII of the Civil Rights Act, which prohibits Gender Discrimination, violation of Privacy Laws, and obstruction of Administrative Procedures Act from which Plaintiff's submitted Affidavits were unanswered and dismissed (emphasis in original).

**ANSWER:** Paragraph 2 of the Complaint contains no factual allegations to which a responsive pleading is required, but to the extent any response is required, UHCMC denies the allegations contained in paragraph 2 of the Complaint.

3. I, **Ronnie Moore, "PLAINTIFF"** asseverate that the facts enumerated herein are set forth in good faith with clean hands and that the same are true, correct, complete and not misleading, so certified without the United States (emphasis in original).

**ANSWER:** Paragraph 3 of the Complaint contains no factual allegations to which a responsive pleading is required, but to the extent any response is required, UHCMC denies the

allegations contained in paragraph 3 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant asserts the following AFFIRMATIVE AND OTHER DEFENSES in response to Plaintiff's Complaint, which are set forth to ensure compliance with the Federal Rules of Civil Procedure, and other applicable law, without representing or conceding that Defendant has the burden of proof or that the defenses necessarily constitute "avoidances" or "affirmative defenses" within the meaning of Federal Rule of Civil Procedure 8, or other applicable law.  No defense set forth in this Answer shall be deemed an affirmative defense unless failure to assert the defense will result in waiver thereof.  Defendant further states that, pursuant to Federal Rule of Civil Procedure 8, and based on Plaintiff's claims, Defendant pleads their defenses in the alternative and hypothetically without representing or conceding the application of such defenses or waiving any objections or defenses to Plaintiff's claims.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

4. If Plaintiff suffered injuries or damages as alleged, such injuries and damages were caused by someone for whose conduct Defendant was not and is not legally responsible.

5. Plaintiff's claims are barred because any actions taken or not taken by Defendant in connection with Plaintiff were taken or not taken for legitimate, non-discriminatory, non-retaliatory, non-pretextual business reasons as determined by Defendant based on its business judgment and in good faith, that is, Plaintiff violated Defendant's work environment policy/policies.

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages. Plaintiff's damages, if any, must be reduced by the income he has received, or should have received, in mitigation.

7. Plaintiff's claims are barred because even if Plaintiff is able to prove that a prohibited factor motivated its alleged employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation.

8. Plaintiff's claims are barred because Defendant maintained a policy prohibiting discrimination and harassment and a procedure for the resolution of complaints alleging discrimination and retaliation and Plaintiff unreasonably failed to properly take advantage of such policy and procedure.

9. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or harassing conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

10. Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery or otherwise.

WHEREFORE, Defendant demands that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and that Defendant recover its costs and expenses, including reasonable attorney's fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully Submitted,


/s/ Ellen Toth
Barton A. Bixenstine (#0034130)
Ellen Toth (#0056176)
LerVal M. Elva (#0085441)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH  44114
Ph:  216.241.6100
Fax:  216.357.4733
Email:  bart.bixenstine@ogletreedeakins.com
ellen.toth@ogletreedeakins.com
lerval.elva@ogletreedeakins.com

*Attorneys for Defendant University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 18th day of March, 2011.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  This *Answer of Defendant University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center to Plaintiff's Complaint* was also sent via regular U.S. mail, postage pre-paid to:

Ronnie Moore
c/o 18605 Harlan Drive
Maple Heights, OH  44137

*Pro Se Plaintiff*

/s/ Ellen Toth
Ellen Toth (#0056176)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.

*One of the Attorneys for Defendant University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center*