**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| RONNIE MOORE, | )    CASE NO. 1:11-cv-00508 |
| | ) |
|     Plaintiff, | )    JUDGE JAMES S. GWIN |
| | ) |
| vs. | ) |
| | ) |
| UNIVERSITY HOSPITALS, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER D/B/A
UNIVERSITY HOSPITALS CASE MEDICAL CENTER'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Because Plaintiff Ronnie Moore has filled another response to the Motion for Partial
Dismissal filed March 18, 2001 by Defendant University Hospitals Cleveland Medical Center
d/b/a University Hospitals Case Medical Center ("UHCMC" or "Defendant"), UHCMC
respectfully submits this  Memorandum in reply to the filings submitted by Plaintiff in the
aftermath of the Court's June 21, 2011 case management conference.  After UHCMC filed its
Motion to Dismiss on March 18, 2011, Plaintiff filed Docket Numbers 7 and 8, which appeared
to by his response to UHCMC's Motion to Dismiss, and to which UHCMC responded with its
"Reply Memorandum in Support of its Partial Motion to Dismiss" (Docket No. 9) ("Reply").  At
the initial case management conference on June 21, 2011, the Court gave Plaintiff further
opportunity to respond, and Plaintiff has now filed three documents which he labels as (i)
"Affidavit of Facts for Gender Discrimination and for Permissible Hostile Work Environmental
Conditions" (Docket No. 16) ("First Affidavit"), (ii) "Motion to Dismiss Defendant's Motion for
Summary Judgment" (Docket No. 19) ("Plaintiff's Motion"), and (iii) "Affidavit of Facts Status

Post Chambers Conference" (Docket No. 21) ("Second Affidavit").  This additional reply is addressed exclusively to these new filings, which fail to address any of the reasons for dismissal of his discrimination, APA and First Amendment claims.[1]

## I.      Plaintiff's New Filings Fail to Address Any of the Reasons Why His Discrimination, APA and First Amendment Claims Must Be Dismissed

Plaintiff's claim for Title VII discrimination must be dismissed because none of his filings provide the statutorily required EEOC notice of his right to sue.  *See Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1)).  Both Defendant's Motion to Dismiss and previously filed Reply have clarified this statutory requirement for the Plaintiff, but Plaintiff has been unable to provide the necessary documentation in any of his filings or production.

Plaintiff's new filings can do nothing to overcome the fact that Plaintiff has not pled the requisite state action necessary to support a claim of violation of the First Amendment. Defendant UHCMC is not a state actor, so it cannot be liable for alleged violations of Plaintiff's First Amendment rights.  *See S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 564 (6th Cir.2007) (citation and quotations omitted).  Plaintiff's Affidavits and Motion in response to the Motion to Dismiss provide no facts or law in support of his claim.

Plaintiff's new filings also can do nothing to overcome the fact that Plaintiff has not pled that Defendant is a federal government agency (which it obviously is not) as is necessary to support a claim of violation of the Administrative Procedure Act.  Plaintiff has provided no factual allegations or argument for the applicability of the APA to the Defendant.

## II.     Conclusion

---

[1] Defendant seeks to dismiss Plaintiff's claims alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq.; the Administrative Procedures Act, 5 U.S.C. §§ 551-559; and the First Amendment to the United States Constitution, U.S. CONST. amend. I.

Based on the foregoing, Defendant's Motion to Partially Dismiss Plaintiff's Complaint should be granted and Plaintiff's Title VII, First Amendment and Administrative Procedure Act claims should be dismissed.

Respectfully submitted,

/s/  Barton A. Bixenstine
Barton A. Bixenstine, Esq. (0034130)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone:  (216) 479-6192
Facsimile:  (216) 937-3708
E-Mail:  babixenstine@vorys.com

*Attorney for Defendant,*
*University Hospitals Cleveland Medical Center*
*d/b/a University Hospitals Case Medical Center*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2011, a copy of the foregoing *Reply Memorandum in Further Support of its Motion to Dismiss,* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/   Barton A. Bixenstine
One of the Attorneys for Defendant,
*University Hospitals Cleveland Medical Center*
*d/b/a University Hospitals Case Medical Center*