UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
RONNIE MOORE, :
: CASE NO. 1:11-CV-508
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 6, 19]
UNIVERSITY HOSPITALS CLEVELAND :
MEDICAL CENTER, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this wrongful termination case, Defendant University Hospitals Cleveland Medical Center moves to dismiss part of *pro se* Plaintiff Ronnie Moore's complaint. [Doc. 6.] As best the Court understands it from the Plaintiff's complaint, University Hospitals fired Moore for viewing at work nude photos of a female coworker.[1/] Plaintiff Moore alleges his termination violated the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.* (Count One), unspecified privacy laws (Count Two), the First Amendment's "right of petition" (Count Three), and constituted gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* (Count Four).

Defendant University Hospitals now moves to dismiss Counts One, Three, and Four, arguing that neither the APA nor the First Amendment apply to it because it is a private—not state or federal—employer, and because Moore failed to attach to his complaint a right-to-sue letter from the EEOC thereby supposedly not exhausting the statutory requirements prior to filing a Title VII claim.

---

[1/] Although not relevant to the instant decision, it appears Moore and the coworker had some type of love/hate relationship. The couple also engaged in some back-and-fourth fighting over email and myspace.com, and while at work. After the relationship soured and then ended, both apparently sought some type of police intervention. [Doc. 19-2.]

Case No. 1:11-CV-508
Gwin, J.

[Doc. 6.]

When considering a motion to dismiss a *pro se* litigant's allegations, courts construe a *pro se* complaint liberally, holding it to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* complaint must still meet Rule 8's minimum requirement of a "short and plain statement" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). In this case, as explained below, after liberally construing the Plaintiff's complaint and accepting pleaded facts as true, the Court finds that Plaintiff has failed to plead sufficient facts to support claims under the APA and the First Amendment and dismisses those claims. Because, however, the Court is unable to determine whether Plaintiff exhausted his administrative remedies prior to filing the this suit alleging gender discrimination, the Court reserves judgment on this claim and orders the Plaintiff to amend his complaint as set forth in this order.

First, as to Plaintiff's APA and First Amendment claims, University Hospitals says that it is a private corporation not subject to either the APA or First Amendment in this case. University Hospitals is, in fact, a private corporation, as Plaintiff Moore acknowledges, [Doc. 19 at 4].

In order to bring a cause of action under the APA, the plaintiff must complain of an agency under the authority of the United States. *See ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 678 (6th Cir. 2007) (citing 5 U.S.C. § 701(b)(1)). Because University Hospitals is not an agency under authority of the United States, the Court dismisses the Plaintiff's APA claim.

And in order to bring suit under the First and Fourteenth Amendments against a private entity, the plaintiff must allege private conduct so akin to state action that it may be fairly attributed to the state. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The actions of hospital are not traditionally those of the government, nor is there an allegation in this case of

Case No. 1:11-CV-508
Gwin, J.

coercion by the state or of a nexus with the state. Thus, because University Hospitals is a private entity whose actions are not attributable to the state, the Court also dismisses the Plaintiff's First Amendment claim.

Finally, as to the Plaintiff's Title VII gender discrimination charge, University Hospitals says that the Plaintiff's failure to attach an EEOC right-to-sue letter warrants a dismissal of Plaintiff's claim. According to the Defendant, because Moore has not placed a right-to-sue letter in the record, the "Plaintiff has not satisfied the statutory prerequisites" and is subject to Rule 12(b)(6) dismissal. [Doc. 6-1 at 3.] According to the Sixth Circuit, however, a plaintiff satisfies the prerequisites to a federal action "(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1)).

In this case, Plaintiff asserts in his complaint that he initiated a charge with the EEOC prior to filing the instant suit, but does not indicate whether (and when) a right-to-sue letter was issued. [Doc. 1-1 at 2.] Importantly, the Defendant does not assert that a right-to-sue letter does not actually exist, just that it is not in record. In an abundance of caution to protect the rights of the *pro se* Plaintiff, and without resolving whether production of a right-to-sue letter is necessary to survive a Rule 12(b)(6) motion to dismiss, the Court **ORDERS** the Plaintiff to file the letter with the Court within twenty days from the date of this order. *See Coburn v. Cargill*, 2009 WL 890059, at *1 (W.D. Tenn. Mar. 26, 2009) (adopting similar approach).

Thus, for the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. [Doc. 6.] The Court also **DENIES** as moot Plaintiff's "motion to dismiss defendant's motion for summary judgment," noting that it interpreted this motion as an

Case No. 1:11-CV-508
Gwin, J.

opposition to Defendant's motion to dismiss. [Doc. 19.]

      IT IS SO ORDERED.


Dated: August 2, 2011                 s/ *James S. Gwin*
                                                                JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE